Hearing Date: August 2, 2012 at 2:00 p.m. (EST)

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel: (212) 692.1000
Fax: (212) 692.1020
James J. Vincequerra, Esq.

-and-

MANIER & HEROD
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
Michael E. Collins, Esq.
Sam H. Poteet, Jr., Esq.

*Counsel for Federal Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Case No.: 12-12900 (SCC) |
| **Patriot Coal Corporation,** *et al.,* | **(Jointly Administered)** |
| Debtors. | **Chapter 11** |

**OBJECTION OF FEDERAL INSURANCE COMPANY TO DEBTORS' MOTION
FOR APPROVAL OF EXPEDITED PROCEDURES FOR (I) THE SALE OF CERTAIN
ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND
(II) THE ABANDONMENT OF CERTAIN OF THE DEBTORS' PROPERTY**

Federal Insurance Company ("**Federal**"), by and through its undersigned counsel, hereby objects to the Debtors' *Motion for Approval of Expedited Procedures for (i) the Sale of Certain Assets Free and Clear of Liens, Claims and Encumbrances and (ii) the Abandonment of Certain of the Debtors' Property* (the "**Motion**") (Docket No. 140). In support of its objection, Federal asserts and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this "core" proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On July 9, 2012, (the "**Petition Date**"), Patriot Coal Corporation and certain of its subsidiaries and affiliates (collectively, the "**Debtors**"), filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1330 (as amended, the "**Code**") commencing these proceedings. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. Prior to the Petition Date, Federal issued reclamation and permit bonds in the total penal amount of approximately $14 Million on behalf of certain of the Debtors. These bonds were issued on behalf of the Debtors to various States securing for each such State the performance by the Debtors of their obligations under various coal mining permits, including the obligation for reclamation of the properties to be mined. Many of the properties being mined by the Debtors that are subject to the bonded reclamation and permit obligations are properties in which the Debtors' hold leasehold interests and others are held in fee simple. The Bonds are secured by a letter of credit in the face amount of approximately $8.78 Million.

## OBJECTION

5. Pursuant to the Motion, the Debtors have proposed procedures to streamline the process of selling assets and seek to limit the scope and extent of notice to be provided to parties in interest. However, the limitations proposed by the Debtors are overbroad and are not designed

to give adequate notice to all parties, including Federal, that may be affected by the property sales.

6. The possible asset sales contemplated by the Motion include certain real property that may be subject to existing mining permits. To the extent that the Debtors are allowed to sell these assets, numerous parties will be impacted, including the permit-issuing State, and all sureties issuing bonds related to the mining permit. Since many of the sureties issuing such bonds are secured by letters of credit, the lease rejections could result in substantial additional liquidated claims against the bankruptcy estate. In sum, it is critical that any Notice of the proposed sale or abandonment of assets pursuant to the terms of the Motion have the appropriate scope and extent to ensure that all potentially affected parties can assess the impact of such proposed sale or abandonment and have an legitimate opportunity to object.

7. Under the proposed procedures, the Notice to be provided by the Debtors with respect to proposed asset sales does not include sufficient information for parties in interest, including Federal, to evaluate the impact of a sale on existing mining permits and reclamation obligations. Specifically, the proposed Notice does not include any identification of permits and permit numbers that are impacted by the proposed sale and fails to identify the sureties and bonds that have provided bonds securing the Debtors' performance under the applicable permits. Without this information, it would be very difficult, if not impossible, in the absence of additional discovery, for Federal or other creditors to determine what impact the proposed sale will have on their respective rights, Debtors' reorganization prospects, the environment, or the rights of other creditors, including Federal.

8. In particular, the bonds issued by Federal reference only the permit number and a general indication of the acreage of the site and the county and state of the site. Consequently,

Federal cannot determine whether a particular parcel of property is covered by one of the Federal bonds in the absence of the Debtors providing information identifying the applicable permit, the affected surety, and the applicable bond number.

9. Federal's objections to the Motion would be resolved, assuming the other provisions of the Debtors' proposed Order granting the Motion remain unchanged, by including the below requirements in any Order approving the motion:

    a. That, "[n]otwithstanding the other provisions of the Order, any sale of Debtors' interest in any real property that is subject to an existing coal mining permit for a Sale Price less than or equal to $2,000,000 shall be treated as having a Sale Price greater than $2,000,000 and less than $5,000,000 for purposes of this Order only."

    b. That the requirements for content of each Notice, as required under the Motion, include " the category of permit and permit number of any coal mining permit issued with respect to the property to be sold or property to be abandoned, the identity of any surety company that has issued a bond securing the Debtors' performance of its obligations under such permit, and the applicable bond number."

    c. That the parties on whom the Notice must be served include "any person or entity with a particularized interest in the De Minimis Assets to be sold, including any known creditor asserting a lien, claim, interest or encumbrance on the De Minimis Assets and any surety that has bonded obligations of the Debtors relating to the De Minimis Assets to be sold."

10. In the event that the additional disclosures are not made part of the notice process, it is likely that Federal will be required to file an objection to each Notice issued by the Debtors and seek discovery to determine if the proposed rejection affects Federal's bonds or impacts the Debtors' reorganization prospects. Since the Debtors should be evaluating these issues in any

event prior to determining whether to sell a De Minimis Asset, the Debtor should be able to make this additional disclosure in conjunction with the Notice with little, if any, additional cost or delay.

**WHEREFORE**, Federal Insurance Company respectfully requests that the Motion be denied unless the procedures are modified as set forth herein and that the Court grant such other relief as is appropriate.

Dated:  New York, New York
July 27, 2012

Respectfully submitted,

**DUANE MORRIS LLP**

  /s/  James J. Vincequerra
James J. Vincequerra, Esq.
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
jvincequerra@duanemorris.com

-and-

**MANIER & HEROD**

One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
Michael E. Collins, Esq.
Sam H. Poteet, Jr., Esq.

*Counsel for Federal Insurance Company*

5