**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PATRIOT COAL CORPORATION,** *et al.*, | **Case No. 12-12900 (SCC)** |
| | **(Jointly Administered)** |
| **Debtors.**[1] | |

## ORDER APPROVING EXPEDITED
## PROCEDURES FOR (i) THE SALE
## OF CERTAIN ASSETS FREE AND CLEAR OF LIENS,
## CLAIMS AND ENCUMBRANCES AND (ii) THE
## ABANDONMENT OF CERTAIN OF THE DEBTORS' PROPERTY

Upon the motion dated July 19, 2012 (the "**Motion**")[2] of Patriot Coal

Corporation and its subsidiaries that are debtors and debtors in possession in these

proceedings (collectively, the "**Debtors**"), for authorization to establish expedited

procedures (the "**Procedures**"), pursuant to (i) sections 105(a) and 363 of the Bankruptcy

Code for the sale of certain assets arguably outside the ordinary course of the Debtors'

businesses for a Sale Price of $5,000,000 or less (the "**De Minimis Assets**") free and

clear of liens, claims, and encumbrances and (ii) sections 105(a) and 554(a) of the

Bankruptcy Code for the abandonment of certain of the De Minimis Assets, as more fully

described in the Motion;[3] and the Court having jurisdiction to consider the Motion and

---

[1] The Debtors are the entities listed on Schedule 1 attached to the Motion. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

[3] For purposes of this Order, a sale shall include, and the Procedures shall apply to, entry into exchange agreements that the Debtors enter into in the ordinary course of their businesses, which involve swapping non-strategic coal mineral rights or other assets for cash, other assets or coal mineral rights, that are strategic to the Debtors' operations. A sale shall not include any transaction covered by any interim or

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.) as amended by

Standing Order M-431, dated February 1, 2012 (Preska, C.J.); and consideration of the

Motion and the requested relief being a core proceeding the Bankruptcy Court can

determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion

having been provided in accordance with the Case Management Order; and it appearing

that no other or further notice need be provided; and the relief requested in the Motion

being in the best interests of the Debtors and their estates and creditors; and the Court

having reviewed the Motion and having held a hearing with appearances of parties in

interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that any objections to the Motion that have not been

withdrawn are hereby overruled; and it is further

ORDERED that the relief requested in the Motion is hereby granted as set

forth herein; and it is further

ORDERED that the Procedures are hereby approved and, subject to the

terms of this Order, may be implemented in the Debtors' chapter 11 cases; and it is

further

---

final order authorizing the Debtors, in the ordinary course of their businesses, to enter into and perform
under contracts with customers to sell coal from the Debtors' mining operations or acquired from other
sources.

ORDERED that if the Procedures conflict with the Case Management

Order, the Procedures shall control with respect to the sale and abandonment of De

Minimis Assets.  In all other circumstances, except as otherwise provided by separate

order, the Case Management Order shall govern.  For the avoidance of doubt, these

Procedures shall not apply to any separate motion filed seeking approval of the sale or

abandonment of De Minimis Assets; and it is further

ORDERED that Local Bankruptcy Rules 6004-1 and 6005-1 are hereby

waived with respect to any sale of De Minimis Assets undertaken pursuant to the

Procedures; and it is further

ORDERED that for purposes of the Procedures, the cash or other proceeds

estimated to be realized by the Debtors' estates from the sale of an asset shall constitute

the "**Sale Price**."  The Sale Price shall be determined without consideration of whether

the property for sale is free and clear of all liens, claims, interests and encumbrances; and

it is further

ORDERED that, solely for the purposes of the Procedures and the

calculation of the Sale Price, entry into a series of sales within any given sixty-day period

between any of the Debtors, on the one hand, and the same given counterparty and/or its

affiliates, on the other hand, shall be deemed to be entry into a single sale; and it is

further

ORDERED that if the Sale Price of a De Minimis Asset is less than or

equal to $1,500,000, for any transaction in which the purchaser is not an insider of the

Debtors, and not described in a Sale Notice (defined below), the Debtors are hereby

authorized to sell such De Minimis Assets pursuant to such transaction without further

3

notice to any party or hearing; *provided, however*, that the Debtors shall, on August 30,

2012, and by the 15th day after the last business day of each calendar month thereafter,

serve a report containing the following information regarding such sales made during the

prior calendar month: (i) a description of the assets actually sold; (ii) the buyer(s) that

consummated each sale; (iii) the total consideration actually received; (iv) the Debtors'

estimate of the fair market value of the assets, if available; and (v) a brief description of

the circumstances surrounding the sale process, including the marketing efforts relating

thereto, on a confidential basis, upon (a) proposed counsel to the Official Committee of

Unsecured Creditors (the "**Committee**"), Kramer Levin Naftalis & Frankel LLP, 1177

Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and

Gregory G. Plotko, Esq. and (b) counsel to the administrative agents for the Debtors'

postpetition lenders (the "DIP Agents"), (1) Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153, Attn: Marcia Goldstein and Joseph Smolinsky and

(2) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019,

Attn: Margot B. Schonholtz and Ana Alfonso; *provided further* that, with respect to the

proposed sale or transfer of (i) any interest in a De Minimis Asset that is subject to

known environmental contamination that requires reporting to a governmental unit under

applicable environmental law or, if not so required, is reasonably expected to require

non-de minimis investigation, remediation or cleanup under applicable environmental

laws, (ii) any interest in real property that is associated with licenses or permits issued by

state regulators under the Surface Mining Control and Reclamation Act, 30 U.S.C.

§ 1234 et seq., and its implementing regulations, 30 C.F.R. Part 700 et seq. (collectively,

"**SMCRA**"), licenses or permits issued under the Clean Water Act's implementing

regulations establishing the National Pollutant Discharge Elimination System ("**NPDES**") and the State Pollutant Discharge Elimination System ("**SPDES**"), 40 C.F.R. Part 123 et seq., or licenses or permits issued by the Nuclear Regulatory Commission ("**NRC**"), the Debtors shall provide notice (with a copy to the Committee's counsel) and a description of the known environmental contamination and/or regulatory license or permit to the United States Department of Justice five days prior to the sale or transfer of such De Minimis Asset; *provided further* that with respect to the proposed sale or transfer of (i) any interest in a De Minimis Asset located within the State of West Virginia that is subject to known environmental contamination that requires reporting to a governmental unit under applicable environmental law or, if not so required, is reasonably expected to require non-de minimis investigation, remediation or cleanup under applicable environmental laws, (ii) any interest in real property that is associated with licenses or permits issued by the State of West Virginia Department of Environmental Protection, (iii) any interest in a De Minimis Asset located within the State of West Virginia that otherwise is subject to the provision of notice required under applicable law or (iv) any interest in mining or reclamation equipment necessary to comply with licenses or permits issued by the State of West Virginia (the immediately preceding clauses (i)-(iv), collectively, the "**West Virginia Property Interests**"), the Debtors shall provide notice (with a copy to the Committee's counsel) and a description of the known environmental contamination and/or regulatory license or permit to the West Virginia Department of Environmental Protection; *provided further* that with respect to any sale of real property that is subject to any coal mining permits with a surety bond securing the Debtors' obligations under such permits, the Debtors shall provide notice (with a copy to the

Committee's counsel) to the applicable surety bond provider (and its counsel), to the

extent known to the Debtors after reasonable inquiry, with such notice to be provided five

days prior to the proposed sale or transfer and to include the identity of the real property

and the related coal mining permit affected.  All notices to the United States Department

of Justice required by this Order shall be sent by mail and e-mail to the United States

Attorney's Office for the Southern District of New York, 86 Chambers Street, Third

Floor, New York, New York 10007 (Attn: AUSA Natalie N. Kuehler) (e-mail:

natalie.kuehler@usdoj.gov) and all notices to the West Virginia Department of

Environmental Protection required by this Order shall be sent by mail and e-mail to

Bailey & Glasser LLP, 209 Capitol Street, Charleston, West Virginia 25301 (Attn: Kevin

W. Barrett and Athanasios Basdekis) (e-mail: kbarrett@baileyglasser.com and

tbasdekis@baileyglasser.com).  To the extent that counsel to the Debtors, Davis Polk &

Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S.

Huebner and Brian M. Resnick, receives a written notice of an objection to any proposed

sale under this paragraph by the United States Department of Justice or the West Virginia

Department of Environmental Protection at or prior to 4:00 p.m. (prevailing Eastern time)

on the day that is five days from the date of the notice provided under this paragraph, the

Debtors shall not proceed with such sale absent consent of the United States Department

of Justice or the West Virginia Department of Environmental Protection, as applicable, or

further order of the Court; and a copy of any such objection(s) by the United States

Department of Justice or the West Virginia Department of Environmental Protection, and

any proposed consensual resolution thereof, shall be provided to the Committee's

counsel; and it is further

ORDERED that if the Sale Price for the sale of a De Minimis Asset is greater than $1,500,000 and less than or equal to $5,000,000, the following Procedures[4] shall be followed:

1.    The Debtors shall file a notice with the Court substantially in the form attached hereto as Exhibit A (the "**Sale Notice**").  The Sale Notice shall specify (i) the assets to be sold; (ii) the identity of the purchaser; (iii) whether the purchaser is an "insider" or "affiliate", as those terms are defined under section 101 of the Bankruptcy Code, of any of the Debtors, Peabody Energy Corporation or its insiders or affiliates, or Arch Coal, Inc. or its insiders or affiliates; (iv) any commissions to be paid to third parties (such as brokers); (v) the proposed purchase price and the marketing process used by the Debtors before entering into the proposed sale agreement; (vi) to the extent known to the Debtors, the permit number of any SMCRA, NPDES, SPDES or NRC licenses or permits issued in connection with any real property to be sold; (vii) to the extent known to the Debtors, the permit number of any applicable and affected permit issued by the State of West Virginia Department of Environmental Protection in connection with any real property to be sold; (viii) to the extent known to the Debtors after reasonable inquiry, the identity of any surety provider that has issued a bond securing the Debtors' performance of its obligations under any coal mining permit issued by any federal, state, or local authority, and the permit number of such coal mining permit, (a) issued with respect to real property to be sold or (b) for which any mining or reclamation equipment to be sold is necessary to comply with such coal mining permit; and (ix) a description of any known environmental contamination of the De Minimis Asset to be sold that requires

---

[4] These Procedures and the Sale Price thresholds shall govern, notwithstanding anything to the contrary in the Motion.

reporting to a governmental unit under applicable environmental law or, if not so required, is reasonably expected to require non-de minimis investigation, remediation or cleanup under applicable environmental laws.  The Debtors shall serve the Sale Notice on the following parties: (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Elisabetta G. Gasparini and Paul K. Schwartzberg (the "**U.S. Trustee**"); (ii) attorneys for the administrative agents for the Debtors' postpetition lenders, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Marcia Goldstein and Joseph Smolinsky, and (b) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot B. Schonholtz and Ana Alfonso; (iii) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Gregory G. Plotko, Esq.; (iv) any person or entity with a particularized interest in the De Minimis Assets to be sold, including any known creditor asserting a lien, claim, interest or encumbrance on the De Minimis Assets; (v) any surety provider (and its counsel), to the extent known to the Debtors after reasonable inquiry, that has bonded obligations of the Debtors with respect to real property subject to coal mining permits relating to the real property to be sold; (vi) with respect to any proposed sale or transfer of a West Virginia Property Interest, the West Virginia Department of Environmental Protection; and (vii) with respect to any proposed sale of real property associated with any SMCRA, NPDES, SPDES or NRC licenses or permits, or with respect to any proposed sale of a De Minimis Asset with known environmental contamination that requires reporting to a governmental unit under applicable environmental law or, if not so required, is

reasonably expected to require non-de minimis investigation or cleanup under applicable environmental laws, the United States Department of Justice.

a.    The deadline for filing an objection (the "**Objection**") to the proposed sale of De Minimis Assets shall be 4:00 p.m. (prevailing Eastern time) on the day that is 10 days from the date the Sale Notice is filed and served (the "**Sale Objection Deadline**").

2.    An Objection will be considered timely only if it is filed with the Court, One Bowling Green, New York, New York 10004-1408, and actually received by the following parties on or before the Sale Objection Deadline:  (i) the U.S. Trustee; (ii) counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner and Brian M. Resnick; (iii) attorneys for the administrative agents for the Debtors' postpetition lenders, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Marcia Goldstein and Joseph Smolinsky and (b) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot B. Schonholtz and Ana Alfonso; and (iv) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Gregory G. Plotko, Esq.

a.    Unless otherwise ordered by the Court, a reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two business days before the date of the applicable hearing.

b.        If no Objections are timely received and filed by the Sale

Objection Deadline, the Debtors may immediately sell the De Minimis Assets listed in

the Sale Notice and take any actions that are reasonably necessary or desirable to close

the transaction and obtain the sale proceeds.  If an Objection is timely received and filed

and cannot be settled by the Debtors and the objecting party (with notice to the

Committee's counsel and counsel to the DIP Agents), the De Minimis Asset that is the

subject of the Objection will not be sold except upon order of the Court; *provided,*

*however*, that any De Minimis Asset set forth in the Sale Notice that is not the subject of

an Objection may be immediately sold in accordance with the foregoing sentence; and it

is further

ORDERED that if the Sale Price for the sale of a De Minimis Asset is

greater than $5,000,000, the Debtors shall file a motion with the Court requesting

approval of the sale pursuant to section 363 of the Bankruptcy Code, among other

applicable provisions; and it is further

ORDERED that the Debtors shall be permitted to compensate any non-

insider broker engaged by the Debtors in connection with any sale or attempted sale of

De Minimis Assets; *provided, however,* that if an Objection to the payment of any

broker's fees is timely received and filed by the Sale Objection Deadline, then the portion

of such broker's fees to which the Objection is directed shall not be paid until such

Objection is consensually settled or until the Court approves such payment; and it is

further

ORDERED that the Procedures satisfy section 363(f) of the Bankruptcy Code and any De Minimis Asset sold pursuant to the Procedures shall be free and clear of all Liens; and it is further

ORDERED that any creditor asserting a Lien on any De Minimis Assets to be sold that receives the Sale Notice will have an opportunity to object to any sale in which they claim an interest. If a holder of a Lien receives the Sale Notice and does not object by the Sale Objection Deadline, the Lien holder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interests pursuant to section 363(f) with any such Liens to be, at the Debtors' sole discretion, either (i) satisfied from the proceeds of the sale or (ii) transferred and attached to the net sale proceeds in the same order of priority that such liens had on the De Minimis Assets sold; and it is further

ORDERED that those who purchase De Minimis Assets in accordance with the Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the 14-day stay set forth in Bankruptcy Rule 6004(h) is hereby waived in connection with all sales of De Minimis Assets pursuant to the Procedures; and it is further

ORDERED that, solely for the purposes of the Procedures and the calculation of the estimated realizable gross proceeds from sale of the De Minimis Asset to be abandoned, entry into a series of abandonments within any given sixty-day period to the same given counterparty or its affiliates shall be deemed a single abandonment; and it is further

ORDERED that if the estimated realizable gross proceeds from sale of the De Minimis Asset to be abandoned are to a non-insider and less than or equal to $1,500,000, the Debtors shall serve notice (with a copy to the Committee's counsel) on the person or entity to whom the De Minimis Asset is to be abandoned and any person or entity known to the Debtors as having an interest in the De Minimis Asset to be abandoned, including any known creditor asserting a Lien on the De Minimis Asset to be abandoned.  Such notice shall be served five business days before the De Minimis Asset is abandoned; *provided, however,* that the Debtors shall, on August 30, 2012, and by the 15th day after the last business day of each calendar month thereafter, serve a report containing the following information regarding any abandoned property during the prior calendar month: (i) a description of the assets actually abandoned; (ii) the person or entity to whom the De Minimis Asset is to be abandoned; (iii) the Debtors' estimate of the fair market value of the assets abandoned, if available; and (v) a brief description of the circumstances surrounding the abandonment , on a confidential basis, upon (a) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Gregory G. Plotko, Esq. and (b) counsel to the administrative agents for the Debtors' postpetition lenders, (1) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Marcia Goldstein and Joseph Smolinsky and (2) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot B. Schonholtz and Ana Alfonso; *provided, further,* that the Debtors shall provide notice (with a copy to the Committee's counsel) of any abandonment hereunder of any interest in any De Minimis Asset to the United States Department of Justice five days prior to the

abandonment of any real property associated with any SMCRA, NPDES, SPDES or NRC

licenses or permits, or De Minimis Asset with known environmental contamination that

requires reporting to a governmental unit under applicable environmental law or, if not so

required, is reasonably expected to require non-de minimis investigation, remediation or

cleanup under applicable environmental laws, and of any abandonment hereunder of any

interest in any real property related to the Debtors' coal mining operations to the extent

such notice would be required under applicable law; *provided further* that with respect to

any abandonment of real property that is subject to any coal mining permits with a surety

bond securing the Debtors' obligations under such permits, the Debtors shall provide

notice (with a copy to the Committee's counsel) to the applicable surety bond provider

(and its counsel), to the extent known to the Debtors after reasonable inquiry, with such

notice to be provided five days prior to the proposed abandonment and to include the

identity of the real property and the related coal mining permit affected; *provided further*

that with respect to the proposed abandonment of any West Virginia Property Interest, the

Debtors shall provide notice (with a copy to the Committee's counsel) to the West

Virginia Department of Environmental Protection.  To the extent that counsel to the

Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York

10017, Attn: Marshall S. Huebner and Brian M. Resnick, receives a written notice of an

objection to any proposed abandonment under this paragraph by the United States

Department of Justice or the West Virginia Department of Environmental Protection at or

prior to 4:00 p.m. (prevailing Eastern time) on the day that is five days from the date of

the notice provided under this paragraph, the Debtors shall not proceed with such

abandonment absent consent of the United States Department of Justice or the West

Virginia Department of Environmental Protection, as applicable, or further order of the

Court.  A copy of any such objection(s) by the United States Department of Justice or the

West Virginia Department of Environmental Protection, and any proposed consensual

resolution thereof, shall be provided to the Committee's counsel; and it is further

ORDERED that if the estimated realizable gross proceeds from sale of the

De Minimis Asset to be abandoned are to a non-insider and are greater than $1,500,000

and less than or equal to $5,000,000, the following Procedures[5] shall be followed:

1.      a.      The Debtors shall file a notice with the Court substantially in the

form attached hereto as Exhibit B (the "**Abandonment Notice**").  The Abandonment

Notice shall specify (i) the property to be abandoned; (ii) the reason for the abandonment;

(iii) the parties known to the Debtors as having an interest in the property to be

abandoned; (iv) the entity to which the property is to be abandoned; (v) if the entity to

which the property is to be abandoned is an "insider" or "affiliate", as those terms are

defined under section 101 of the Bankruptcy Code, of any of the Debtors; (vi)  to the

extent known to the Debtors, the permit number of any SMCRA, NPDES, SPDES or

NRC licenses or permits issued in connection with any real property to be abandoned;

(vii) to the extent known to the Debtors, the permit number of any applicable and affected

permit issued by the State of West Virginia Department of Environmental Protection in

connection with any real property to be abandoned; (viii) to the extent known to the

Debtors after reasonable inquiry, the identity of any surety provider that has issued a

bond securing the Debtors' performance of its obligations under any coal mining permit

issued by any federal, state, or local authority, and the permit number of such coal mining

---

[5] These Procedures and the thresholds shall govern notwithstanding anything to the contrary in the Motion.

permit, (a) issued with respect to real property to be abandoned or (b) for which any mining or reclamation equipment to be abandoned is necessary to comply with such coal mining permit; and (ix) a description of any known environmental contamination of the De Minimis Asset to be abandoned that requires reporting to a governmental unit under applicable environmental law or, if not so required, is reasonably expected to require non-de minimis investigation, remediation or cleanup under applicable environmental laws. The Debtors shall serve the Abandonment Notice on the following parties: (i) the U.S. Trustee; (ii) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Gregory G. Plotko, Esq.; (iii) counsel to the DIP Agents, namely, (1) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Marcia Goldstein and Joseph Smolinsky and (2) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot B. Schonholtz and Ana Alfonso; (iv) any person or entity with a particularized interest in the De Minimis Asset to be abandoned, including any known creditor asserting a lien, claim, interest or encumbrance on the De Minimis Asset and any surety provider (and its counsel), to the extent known to the Debtors after reasonable inquiry, that has bonded obligations of the Debtors with respect to real property subject to coal mining permits relating to the De Minimis Assets to be abandoned; (v) the entity to which the De Minimis Asset is to be abandoned; (vi) with respect to any proposed abandonment of any West Virginia Property Interest, the West Virginia Department of Environmental Protection; and (vii) with respect to any proposed abandonment of real property associated with any SMCRA, NPDES, SPDES or NRC licenses or permits, or with respect to any De

15

Minimis Asset with known environmental contamination that requires reporting to a

governmental unit under applicable environmental law or, if not so required, is

reasonably expected to require non-de minimis investigation, remediation or cleanup

under applicable environmental laws, the United States Department of Justice.

        b.      The deadline for the filing of an Objection to the proposed

abandonment of De Minimis Assets shall be 4:00 p.m. (prevailing Eastern time) on the

day that is 10 days from the date the Abandonment Notice is filed and served (the

"**Abandonment Objection Deadline**").

    2.     c.      An Objection will be considered timely only if it is filed with the

Court, One Bowling Green, New York, New York 10004-1408 and actually received by

the following parties on or before the Abandonment Objection Deadline:  (i) the U.S.

Trustee; (ii)  counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington

Avenue, New York, New York 10017, Attn: Marshall S. Huebner and Brian M. Resnick;

(iii) attorneys for the administrative agents for the Debtors' postpetition lenders, (a) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Marcia

Goldstein and Joseph Smolinsky and (b) Willkie Farr & Gallagher LLP, 787 Seventh

Avenue, New York, New York 10019, Attn: Margot B. Schonholtz and Ana Alfonso; and

(iv) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177

Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and

Gregory G. Plotko, Esq.

        d.      Unless otherwise ordered by the Court, a reply to an

Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing

Eastern Time) on the day that is at least two business days before the date of the applicable hearing.

        e.      If no Objections are timely received and filed by the Abandonment Objection Deadline, the Debtors may immediately abandon the De Minimis Asset listed in the Abandonment Notice and take any actions that are reasonably necessary or desirable to abandon the subject property.  If an Objection is timely received and filed and cannot be resolved between the Debtors and the objecting party (with notice to the Committee's counsel and counsel to the DIP Agents), the De Minimis Asset that is the subject of the Objection will not be abandoned except upon order of the Court; *provided*, *however*, that any De Minimis Asset set forth on the applicable Abandonment Notice and not the subject of an Objection may be immediately abandoned in accordance with the foregoing sentence; and it is further

        ORDERED that if the estimated realizable gross proceeds from sale of the De Minimis Asset to be abandoned are greater than $5,000,000, the Debtors shall file a motion with the Court requesting approval of the abandonment pursuant to section 554 of the Bankruptcy Code, among other provisions; and it is further

        ORDERED that the Debtors shall not abandon De Minimis Assets pursuant to the Procedures where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result; and it is further

        ORDERED that nothing in this Order or in any asset sale agreement entered into pursuant to this Order: (a) releases, nullifies, precludes or enjoins the enforcement of any liability (including for penalties, damages, cost recovery or injunctive relief) to a governmental unit under police and regulatory statutes or regulations

(including but not limited to such environmental laws or regulations) that any entity would be subject to as the owner, lessor, lessee, controller or operator of property that is sold or transferred pursuant to this Order; (b) diminishes the obligation of any entity, including the Debtors or the purchasers, to comply with applicable environmental or public health laws; (c) authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations or approvals without compliance with all applicable legal requirements under the law governing such transfers; or (d) limits the United States of America through the U.S. Department of the Interior's Office of Surface Mining ("**OSM**") from taking appropriate action to (i) take enforcement actions pursuant to 30 C.F.R. Parts 842 and 843, (ii) pursue the individuals who owned or controlled the Debtors through alternative enforcement actions under 30 C.F.R. Part 847 and (iii) link the Debtors' owners or controllers to violations on OSM's Applicant Violator System; and it is further

ORDERED that nothing in this Order shall be deemed to allow the Debtors to abandon real or personal property in violation of any applicable U.S. state or federal laws or regulations, including but not limited to U.S. environmental laws and regulations; and it is further

ORDERED that, in addition to the notices required to be provided herein, the Debtors shall provide notice of any sale or abandonment hereunder to any state or federal environmental regulatory authority, including, but not limited to, the United States Department of Interior, United States Department of Labor, United States Environmental Protection Agency and United States Nuclear Regulatory Commission, to the extent otherwise required by applicable law; and it is further

18

ORDERED that nothing in this Order shall be construed to create for any governmental unit any substantive right that does not already exist under law nor to limit in any respect the substantive rights of any party, including the Debtors, under the Bankruptcy Code; and it is further

ORDERED that, subject to the Procedures set forth in this Order, nothing herein shall impair the Debtors' ability to conduct their businesses in the ordinary course of business without seeking approval of this Court; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the final order approving the debtor in possession financing and this Order, the terms of the final order approving the debtor in possession financing shall govern; and it is further

ORDERED that nothing herein shall relieve the Debtors of any of their obligations under the Debtors' postpetition lending facility or enlarge the Debtors' rights with respect thereto; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

ORDERED that the Procedures satisfy Bankruptcy Rules 2002 and 6007, and Local Bankruptcy Rule 6007-1; and it is further

ORDERED that the notice procedures set forth in the Motion are good and

sufficient notice and satisfy Bankruptcy Rule 9014 by providing the parties with a notice

and an opportunity to object and be heard at a hearing.

Dated: August 15, 2012
New York, New York

/s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**Notice of Sale**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | **Chapter 11** |
| **PATRIOT COAL CORPORATION,** *et al.*, | **Case No. 12-12900 (SCC)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

**NOTICE OF SALE OF CERTAIN OF THE DEBTORS' ASSETS**
**FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

   **PLEASE TAKE NOTICE** that, on [], 2012, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered the attached order (the "**Order**") granting approval of certain procedures (the "**Procedures**") for (i) the sale of certain assets ("**De Minimis Assets**"), free and clear of all liens, claims and encumbrances and (ii) the abandonment of certain De Minimis Assets [ECF. No. ____] in the chapter 11 cases of Patriot Coal Corporation and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**").

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, unless a written objection ("**Objection**") is filed with the Court and served in the manner provided for in the Order by _____ _____, 2012, the De Minimis Assets listed on Appendix A attached hereto will be sold free and clear of all liens, claims, encumbrances or interests pursuant to, among other provisions, section 363 of title 11 of the United States Code, in accordance with the Order.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served in accordance with the Order, the Debtors and the objecting party will use good faith efforts to resolve the Objection.  If the Debtors and the objecting party are unable to consensually resolve the Objection, the Debtors shall not proceed with the sale of the De Minimis Assets that are the subject of the Objection pursuant to the Procedures, but may seek Court approval of the proposed transaction.

Dated:   New York, New York
         [ ], 2012


By:   _____
      Marshall S. Huebner
      Damian S. Schaible
      Brian M. Resnick
      Michelle M. McGreal

      DAVIS POLK & WARDWELL LLP
      450 Lexington Avenue
      New York, New York 10017
      Telephone: (212) 450-4000
      Facsimile:  (212) 607-7983

      *Counsel to the Debtors*
      *and Debtors in Possession*

| Assets(s) to be Sold | Name and Address of Purchaser[1] | Proposed Purchase Price and Commissions to Third Parties and Efforts Undertaken to Market the Properties | Location of Assets to be Sold | Location of Sale (if different than location of Assets) | If Applicable: | |
|---|---|---|---|---|---|---|
| | | | | | Affected Mining or Related Permit(s) and License(s) (and Surety Provider(s), if applicable) | Description of Known Environmental Contamination Requiring Reporting to Governmental Unit |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

[1] Required only if purchaser is an "affiliate", as that term is defined under section 101(2) of the Bankruptcy Code, of any of the Debtors.

## EXHIBIT B

## Notice of Abandonment

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PATRIOT COAL CORPORATION.,** *et al.*, | **Case No. 12-12900 (SCC)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

**NOTICE OF ABANDONMENT OF CERTAIN OF**
**THE DEBTORS' ASSETS PURSUANT TO**
**SECTION 554(a) OF THE BANKRUPTCY CODE**

      **PLEASE TAKE NOTICE** that, on [], 2012, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered the attached order (the "**Order**") granting approval of certain procedures (the "**Procedures**") for (i) the sale of certain assets ("**De Minimis Assets**"), free and clear of all liens, claims and encumbrances and (ii) the abandonment of certain De Minimis Assets [ECF. No. ___] in the chapter 11 cases of Patriot Coal Corporation and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, unless a written objection ("**Objection**") is filed with the Court and served in the manner required by the Order by _____ _____, 2012, the De Minimis Assets listed on Appendix A attached hereto will be abandoned pursuant to, among other provisions, section 554(a) of the Bankruptcy Code, in accordance with the Order.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served in accordance with the Order, the Debtors and the objecting party will use good faith efforts to resolve the Objection.  If the Debtors and the objecting party are unable to consensually resolve the Objection, the Debtors shall not proceed with the abandonment of the De Minimis Assets that are the subject of the Objection pursuant to the Procedures, but may seek Court approval of the proposed abandonment.

Dated:   New York, New York
              [ ], 2012


By:   _____
         Marshall S. Huebner
         Damian S. Schaible
         Brian M. Resnick
         Michelle M. McGreal

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 607-7983

*Counsel to the Debtors*
*and Debtors in Possession*

# APPENDIX A

| Property to be Abandoned | Reason for Abandonment | Known Parties Asserting an Interest in Property Proposed to be Abandoned | Name and Address of Entity to Which Property is to be Abandoned | Location of Property to be Abandoned | **If Applicable:** | |
|---|---|---|---|---|---|---|
| | | | | | Affected Mining or Related Permit(s) and License(s) (and Surety Provider(s), if applicable) | Description of Known Environmental Contamination Requiring Reporting to Governmental Unit |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |